## Ex parte LAGOMARSINO.

### No. 22225–R.

District Court, N. D. California, S. D.

Feb. 25, 1936.

Raymond J. O'Connor, of San Francisco, Cal., for petitioner.

H. H. McPike, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent J. A. Johnston.

ROCHE, District Judge.

After serving ten years of a twenty-year sentence, Ray Lagomarsino had this habeas corpus proceeding instituted to determine the legality of the balance of his sentence.

An indictment in five counts was returned against him as a result of his burglarizing a United States post office. Count 1 was for breaking into a post office; count 2 was for cutting open a mail sack; and counts 3, 4, and 5 were for abstracting three separate parcels from an authorized depositary for mail (namely, the mail sack mentioned in count 2) in violation of section 194 of the Criminal Code (18 U.S.C.A. § 317 and note). All five counts were the result of one burglary, and as to the last three counts, presumably Lagomarsino abstracted the parcels simultaneously. He pleaded guilty to all the counts and was sentenced to five years on each one, the sentences on the first two to run concurrently, and the others to run consecutively.

The terms of the sentences imposed on the first three counts expired on February 8, 1936. The petitioner concedes the validity of these sentences, but assails the legality of the sentences imposed on counts 4 and 5.

The question before the court is whether the sentence of five years imposed by section 194 should be interpreted as the maximum that can be given for one larceny transaction regardless of the number of parcels abstracted, or whether the taking of each parcel is the subject of a five-year penalty even though the parcels be abstracted simultaneously.

This issue has never before arisen in connection with section 194, but decisions similar in principle have laid down the rule in regard to other statutes. In the case of Braden v. United States (C.C.A.) 270 F. 441, 443, the defendant was found in his apartment in possession of certain narcotics. Subsequently he was convicted on four counts, each count dealing with the same transaction but naming a different variety of drug. The Circuit Court of Appeals for the Eighth Circuit, in reversing the conviction on three of the four counts, said: "If a person steals four horses from the barn of another, all being of different color, it would not be competent to charge the thief with four different larcenies when the horses were all taken at the same time and place. Another illustration would be the larceny of articles of merchandise from a store. If twelve articles were all taken at the same time and place, we do not think it would be competent to charge the thief with twelve different larcenies."

In this circuit, the Court of Appeals approved the Braden holding when a similar question arose in Parmagini v. United States, 42 F.(2d) 721, 725, where the defendant was charged in count 1 with the sale of morphine and in count 3 with the distribution of opium, both being part of one sale and delivery. The court held it was error to assess a fine on the third count, saying:

"The question as to whether or not the charges with reference to the distribution and concealment of the opium can be considered a separate and distinct offense is a more difficult one. * * *

"With reference to counts I and III, one for selling morphine and the other for distributing opium, the transaction was an entirety, the delivery of the opium was a mere incident to the delivery of the morphine, and the transaction comes clearly within the rule stated * * * in the last-mentioned case. [Braden v. U. S., supra.]"

Mr. Justice Fuller, in laying down the test to decide the intent of Congress in these penal statutes in the case of United States v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 626, 33 L.Ed. 1080, quoted the language of Mr. Justice Story: " 'It appears to me * * * that the proper course in all these cases is to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.' " It can hardly be seriously contended that section 194 would authorize a sentence of fifty years if a person filched ten letters simultaneously from a mail box—such a far-fetched intent cannot be imputed to Congress.

The foregoing decisions indicate counts 3, 4, and 5 were all based on the same transaction and that Lagomarsino could receive only one sentence for abstracting the parcels in question. Therefore, counts 4 and 5, being merely repetitions of count 3, were contrary to law and void and afforded no basis for any sentence. See Stevens v. McClaughry, 207 F. 18, 51 L.R.A. (N.S.) 390 (C.C.A.8). Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, appears distinguishable.

For these reasons the writ will issue, and Lagomarsino will be discharged from custody.