COLSON v. JOHNSTON, Warden.

No. 23241–W.

District Court, N. D. California, S. D.

July 26, 1940.

Harold C. Faulkner, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U.S. Atty., both of San Francisco, Cal., for respondent.

MARTIN I. WELSH, District Judge.

Petitioner, James Colson, along with several co-defendants, was indicted during the April term of 1921 in the Western Division of the Northern District of Ohio under Section 197 of the Criminal Code (Title 18 U.S.C., Sec. 320, 18 U.S.C.A. § 320) providing that "Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

The charges contained in the indictment returned against petitioner and his co-defendants arose out of the perpetration on or about February 17, 1921, at Toledo, Ohio, of a robbery of mail matter from employees of the Post Office Department in charge of the mail, in which robbery several registered and ordinary mail pouches were taken and the lives of the postal employees were put in jeopardy by the use of dangerous weapons.

The indictment contained eleven counts. In the first count, it was charged that at the time and place above stated, petitioner assaulted the postal employees in charge of the mail matter with the intent to rob such mail matter or any part thereof. In the second count, it was charged that at the above stated time and place, petitioner robbed these postal employees of a certain registered mail pouch designated by the number of the lock which secured it and containing mail matter, in the course of which the lives of the employees were placed in jeopardy by the use of dangerous weapons.

The remaining counts of the indictment, numbered third to eleventh, inclusive, contained the identical charges against petitioner that were contained in the second count save that in each later count reference was made to a different mail pouch.

All of these several mail pouches, however, referred to in counts two to eleven, formed a part of the mail matter which was taken in the single robbery upon which the charges in the indictment were based.

Petitioner was convicted on all counts and on May 22, 1923, was sentenced to the Federal Penitentiary for a period of 25 years upon the second count of the indictment, this sentence to be served first, and for a period of 10 years on the first count to begin at the termination of the sentence imposed on the second count; and for a period of 25 years upon each of the remaining counts, the 25 year sentence on these remaining counts to be served concurrently and to commence at the termination of the twenty-five year sentence on the second count of the indictment, making a total sentence of 50 years.

Petitioner, now confined at Alcatraz Penitentiary, has fully completed the twenty-five year sentence which he started to serve on May 25, 1923, under the second count by reason of his having earned the credit of 2,990 days applied toward the sentence, and now seeks release from further custody in this application for writ of habeas corpus. He is entitled to release only if it appears that all of the unfulfilled sentences imposed on him under the remaining counts of the indictment are, for any reason, void.

■ It is the conclusion of this court that the sentences imposed on petitioner under these remaining counts are, and each of them is, invalid as being in excess of the power of the sentencing court; that such court, after having imposed a sentence of twenty-five years on the second count, reached the limit of its jurisdiction so far as its power to sentence petitioner for the offenses set forth in the indictment was concerned. This conclusion is based in turn on the determination of this court that although it contained eleven separate counts, the indictment against petitioner in fact stated but one offense carrying a maximum penalty of twenty-five years, namely robbery of mail matter from persons having custody thereof in the course of which the lives of such persons were placed in jeopardy by the use of dangerous weapons. And petitioner, having served the maximum sentence, is entitled to release from further custody.

■ The sentence imposed under the first count which was to start on the expiration of the sentence imposed on the second count, was for the offense of assaulting these postal employees with intent to rob them of the mail matter in their possession. The two essential elements of the crime charged in this first count are assault and intent to rob. But the greater offense charged in the second count necessarily includes in its proof, the proof of every element constituting the offense charged in the first count. The commission of a robbery with the use of dangerous weapons necessarily involves an assault upon the victim, and an intent to rob on the part of the robber.

■ In the case of In re Nielsen, 131 U.S. 176, 9 S.Ct. 672, 676, 33 L.Ed. 118, the United States Supreme Court laid down the applicable rule in the following language: "Where * * * a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

In the case of Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, the United States Supreme Court stated that: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

Application to the present case of the above principles leads to the conclusion that since petitioner has served full time for the commission of the greater crime charged in the second count in which was included all of the incidents of the crime of assault with intent to rob charged in the first count, he cannot now be required to serve a later sentence for the latter crime which required proof of no additional fact which was not necessarily proven in establishing the commission by him of the greater crime.

■ Counts three to eleven, inclusive, charge the identical offense charged in count two and consequently the sentences imposed thereunder are void. What these remaining counts propose to do is to make as many separate acts of robbery out of what was in fact a single robbery as there were mail pouches taken in that one robbery. Section 197 of the Criminal Code (supra) does not authorize such an in-

terpretation of its provisions. Further, the case of Johnston v. Lagomarsino, 88 F.2d 186, of this Ninth Circuit, is authority for the proposition that a single theft cannot be split up into as many separate offenses of theft as there were articles taken in the theft.

Petitioner has served his full sentence for the crime of robbery of mail matter from postal employees in charge thereof, whose lives were placed in jeopardy by the use of dangerous weapons in the course of the robbery. The later consecutive sentences imposed on him under the other counts of the indictment which were repetitious of the same offense for which he has served full time were in excess of the power of the court to impose and, therefore, illegal and void.

Wherefore, the writ of habeas corpus will be issued and the petitioner will be discharged; but pending an appeal from the decision of this court he shall be enlarged upon recognizance with surety in the sum of $5,000 for appearance to answer the judgment of the appellate court, in accordance with Rule 29 of the Rules of Court for the Ninth Circuit.