**FOWLER v. HUNTER, Warden.**

No. 3603.

Circuit Court of Appeals, Tenth Circuit.

April 7, 1948.

---

Frank Stuart Fowler, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a writ of habeas corpus.

An indictment containing two counts was returned against Fowler[1] in the District of Columbia. The first count charged that petitioner, on July 20, 1943, in the District of Columbia, with intent to defraud, made and forged a written check. The second count charged that petitioner, at the same time and place, had such check in his possession and, knowing it to be forged, with intent to defraud, passed, uttered, and published it as true and genuine to Donald Mc-Cormack.

Petitioner was tried, convicted, and sentenced to imprisonment for 16 months to 4 years, and to pay a fine of $100.

In his application for the writ, petitioner asserted that the sentence was excessive and void.

Petitioner contends that each count charged violations of the Act of July 1, 1922, set forth in the margin.[2] Respondent contends that each count charged a violation of § 843, subchapter 2, ch. 19, of the Code for the District of Columbia, also set out in the margin.[3]

It will be observed that the Act of July 1, 1922, makes it an offense, with intent to defraud, to make, draw, utter, or deliver an order for the payment of money upon a bank or other depository, knowing at the time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds or credit with the drawee for the payment of such order, and that § 843, supra, makes it an offense, with intent to defraud, to make or alter any writing, public or private, or to pass, utter, or publish as true and genuine any writing so forged or altered, knowing the same to be false or forged.

Count one charges all the elements of the offense of forgery defined in § 843, supra; and count two charges all the elements of the offense of uttering a false or altered writing, as defined in § 843, supra. Neither count charges the uttering of an order for money on a drawee, knowing at the time of the uttering that the maker or drawer has not sufficient funds in or credit with the drawee for the payment of such order.

We, therefore, conclude that each count charged a violation of § 843, supra, and did not charge a violation of the Act of July 1, 1922.

Section 843, supra, does not provide for the imposition of a fine. That part of the sentence which imposed a fine is void.

---

[1] Hereinafter called the petitioner.

[2] "That any person within the District of Columbia who, with intent to defraud, shall make, draw, utter, or deliver any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft, or order in full upon its presentation, shall be guilty of a misdemeanor and punishable by imprisonment for not more than one year, or be fined not more than $1,000, or both. * * *" Act July 1, 1922, 42 Stat. 820, Ch. 273.

[3] "Forgery. Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years." Act Mar. 3, 1901, 31 Stat. 1326, Ch. 854, § 843, D.C.Code 1940, § 22—1401.

However, since petitioner has not served the valid sentence of imprisonment, he was not entitled to discharge on habeas corpus.[4]

However, petitioner may make application to the sentencing court for a correction of the sentence.

Affirmed.

---

4 United States v. Pridgeon, 153 U.S. 48, 63, 14 S.Ct. 746, 38 L.Ed. 631; Harlan v. McGourin, 218 U.S. 442, 452, 31 S. Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849.