**WALDON v. UNITED STATES.**

Cr. No. 15076.

United States District Court
E. D. Illinois.

May 12, 1949.

No appearance for petitioner.

Ray M. Foreman, Assistant United States Attorney, Danville, Ill., for respondent.

LINDLEY, Chief Judge.

Defendant has filed a motion to vacate the judgment of conviction under Section 2255, Title 28 U.S.C.A. The Government has moved to dismiss said motion upon the ground that it is, on its face, without merit.

Defendant was convicted in this court in February, 1940, on a seven count indictment arising out of an attempt to rob a United States mail car. The first three counts charged him with destroying certain mail matter, i. e., three letters addressed to three different persons, 18 U.S.C.A. § 317 [now § 1708]; counts four and five charged defendant with separate assaults upon two custodians of the mail, with intent to steal the mail, 18 U.S.C.A. § 320 [now § 2114]; count six with wounding one custodian, 18 U.S.C.A. § 320; and count seven with jeopardizing the other custodian's life by the use of a revolver, 18 U.S.C.A. § 320.

The jury found him guilty on all seven counts, and sentences were entered as follows:

Counts 1, 2, 3, 4 and 5, 5-year consecutive sentence on each count;

Count 6, 25 years and $10,000 fine;

Count 7, 25 years and $10,000 fine; the sentence on counts 6 and 7 to run consecutively with each other but concurrently with sentences imposed on counts 1, 2, 3, 4 and 5 of the indictment.

Section 320, Title 18 U.S.C.A., did not provide for the imposition of a fine. The court, recognizing this error, subsequently modified the sentence, nunc pro tunc, by eliminating the fines imposed on counts 6 and 7.

Defendant appealed, assigning, among others, the following errors:

(1) The court erred in refusing to sustain the motion of the defendant challenging the array of the petit jury, on the ground that women were not included in the venire, contrary to Illinois law at the time of the trial.

(2) It was reversible error to permit the District Attorney to cross examine the defendant concerning a sentence he had served in the Illinois State Farm.

(3) The court erred in sentencing the defendant to a term aggregating 50 years, for the reason that the several counts upon which such sentence is based constitute in fact one single transaction, the maximum penalty for which is 25 years.

In the Court of Appeals, the only error pressed was the admission of evidence concerning defendant's former conviction. The court held that such evidence was proper, and affirmed the conviction. United States v. Waldon, 7 Cir., 1940, 114 F.2d 982, certiorari denied, 312 U.S. 681, 61 S. Ct. 549, 85 L.Ed. 1119.

Defendant, on September 5, 1944, filed in the Court of Appeals for the Seventh Circuit, a "Petition for rehearing or for leave to proceed on motion in the trial court for resentence," in which he contended that only one offense was charged in the seven counts of the indictment and that the evidence was insufficient to support his conviction under counts 1, 2, and 3. In a per curiam opinion, the court denied him any relief, saying: "The important point sought to be raised here is whether or not the statute authorizes the imposition of separate sentences under counts six and seven. The statute provides: 'Whoever shall assault any person having lawful charge * * * of any mail matter * * * with intent to rob * * * such mail matter * * * shall for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he shall wound the person having custody of such mail * * * or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years.' It might appear that this contemplates offenses arising out of one robbery, so that two assaults on the same robbery or attempted robbery would sustain only one count of assault. However, Section 312 [now § 1706], relating to injuring mail bags has been construed to sustain separate counts, separately punishable, for each mail bag injured during the course of one robbery. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151.

This ruling seems equally applicable to Section 320 [now § 2114]. Hence no error appears in the consecutive sentences of 25 years under counts six and seven."

■ Defendant contends now, first, that the conviction was invalid because women's names did not appear on the petit jury panel. Defendant was indicted on September 6, 1939, and tried on February 5, 1940. The Illinois statute making women competent jurors became effective July 1, 1939, Ill.Rev. Stat.1947, c. 78, §§ 1, 25. However, the county board of each county was given until September 1939 to include women on their panels. The petit jury panel for the September, 1939, term of this court was chosen August 3, 1939, pursuant to order of the court of that day. The court records do not disclose whether names of women had at that time been placed in the jury box. Although defendant was not tried until February, 1940, his trial occurred during the September, 1939, term of court, extended by order of court on September 30, 1939 and not adjourned until March 2, 1940. Under similar circumstances it was held in Glaser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680, that the absence of women from the jury panel did not render the proceedings defective.

■ Moreover, defendant has waived any right to object to the jury at this late date. On appeal, he assigned the omission of women as error, but did not argue it. He cites Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, in an effort to show that he has not waived the question. There, there was a motion to quash and a challenge to the array because women were not on the panel. Denial of the motion was assigned as error. Without passing on the question, the Court of Appeals reversed on another ground. 9 Cir., 152 F.2d 941. The Supreme Court granted certiorari, 327 U.S. 773, 66 S.Ct. 816, 90 L. Ed. 1002, reversed the Court of Appeals, and remanded the case to that court for further proceedings. The jury issue was then argued, and decided by the Court of Appeals. Under these circumstances, the Supreme Court held that defendants had not lost the right to urge the jury question. Thus, it is apparent that the Ballard case is not applicable to the facts at bar.

■ Defendant next contends that there was a total absence of any evidence to support the conviction as to counts 1, 2 and 3. But the Court of Appeals said: "All of the material allegations of each count of the indictment were abundantly supported by substantial evidence". United States v. Waldon, 7 Cir., 114 F.2d 982, 983.

■ It is insisted that cumulative sentences on Counts 1, 2 and 3 were invalid because all three counts charge only one offense.

These counts were drawn under Section 317 [now § 1708], Title 18 U.S.C.A., which is in part as follows: "Whoever shall steal, take, or abstract, or by fraud or deception obtain, or attempt so to obtain, * * * any letter, postal card, package, bag, or mail, * * * or shall secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail, * * * shall be fined not more than $2,000 or imprisoned not more than five years, or both."

Count 1 charged defendant with destroying certain mail matter, a letter addressed to Mrs. Rose Holtzman. Counts 2 and 3 were the same except that they charged destruction of letters addressed to two other persons. The evidence showed that these three letters had been tied together with a string, and that all three had been perforated by a bullet. It is not clear as to whether the letters were pierced by one or more missiles but the record rather indicates that they were pierced by one bullet. Defendant contends that the simultaneous perforation of a package of three letters by a bullet is one indivisible act constituting but one violation of Section 317 so that only one five-year sentence was proper.

In Ex parte Lagomarsino, D. C., 13 F.Supp. 947, affirmed in Johnston, Warden, v. Lagomarsino, 9 Cir., 88 F.2d 86, defendant had pleaded guilty to three counts under Section 317, charging him with stealing three separate parcels from one mail bag. He was sentenced to five years on each count. In granting a writ of habeas corpus, the court said, 13 F. Supp. at page 948: "It can hardly be seriously contended that section 194 would authorize a sentence of fifty years if a

person filched ten letters simultaneously from a mail box—such a far-fetched intent cannot be imputed to Congress. The foregoing decisions indicate counts 3, 4, and 5 were all based on the same transaction and that Lagomarsino could receive only one sentence for abstracting the parcels in question. Therefore, counts 4 and 5, being merely repetitions of count 3, were contrary to law and void and afforded no basis for any sentence. * * * Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, appears distinguishable."

In Kerr v. Squier, Warden, 9 Cir., 151 F.2d 308, defendant pleaded guilty to three separate counts drawn under Section 317, in which he was charged with stealing three separate mail bags. He was sentenced to five years on each count. In a habeas corpus proceeding the court sustained his contention that the simultaneous taking of three mail bags was but one offense for which the maximum penalty was five years. Johnston, Warden, v. Lagomarsino, 9 Cir., 88 F.2d 86, was cited with approval. In distinguishing Ebeling v. Morgan, 237 U.S. 625, 626, 35 S.Ct. 710, 59 L.Ed. 1151, the court said: "That case involved a different statute, section 189 of the criminal code, 18 U.S.C.A. § 312 [now § 1706], creating the offense of cutting mail bags with a criminal intent. The facts there were that there was a cutting 'successively' of the bags. * * * That case (Ebeling v. Morgan) neither states nor holds anything concerning the taking of mail bags. That case involved solely the cutting of bags, necessarily separate and successive and not simultaneous and single transactions." [151 F.2d 310.]

If I were to accept the authority of these cases, I would probably have to hold that Counts 1, 2, and 3 stated only one offense. However, to do so would be of no aid to defendant because these five year sentences were all made to run concurrently with the 25 year sentences on Counts 6 and 7.

Defendant next suggests that Section 197 of the Criminal Code, 18 U.S.C.A. § 320 [now § 2114], did not authorize consecutive sentences under Counts 4 and 5 and separate consecutive sentences under Counts 6 and 7. Count 4 charges an assault upon a custodian of mail (Guy O'Hern), with intent to rob and steal mail. Count 5 is the same, except that a different postal employee was assaulted (Earl C. Boothman). Count 6 charges petitioner with wounding a postal employee (Guy O'Hern), by the use of a dangerous weapon while attempting to effect the robbery. Count 7 charges petitioner with putting the life of a postal employee in jeopardy (Earl C. Boothman) by the use of a dangerous weapon, while attempting to effect the robbery. All four of these counts were drawn under Section 197 of the Criminal Code which provides in part as follows: "Whoever shall assault any person having lawful charge, control, or custody of any mail matter * * * with intent to rob, steal, or purloin such mail matter, * * * shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he shall wound the person having custody of such mail, * * * or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

Defendant insists that, for the purpose of sentence, Count 4 merged with Count 6 and Count 5 merged with Count 7, and that, the court having sentenced him to the maximum sentence on Count 6, exhausted its power to impose a sentence on Count 7.

In Schultz v. Biddle, 8 Cir., 19 F.2d 478, in an indictment drawn under section 197, defendant was charged in Count 1 with an assault on mail custodians and in Count 2 with putting their lives in jeopardy. He was sentenced to one year on Count 1 and 25 years on Count 2, with the sentences apparently running consecutively. After serving the one year sentence, he filed a petition for a writ of habeas corpus, contending that the two counts justified only one sentence because they charged the same offense. In denying the writ, the court said, 19 F.2d at page 480:

"But the offense charged in the first count of the indictment was an assault with intent to rob the custodians of the mail while that charged in the following counts was the robbery of such custodians and the putting their lives in jeopardy by the use

of guns and pistols in effecting that robbery. The Congress imposed a penalty of imprisonment for not more than ten years for this assault with intent to rob and a penalty of imprisonment for twenty-five years for this robbery and the putting the lives of the custodians in jeopardy in effecting it. The evidence which would sustain the offense charged in the first count of the indictment, the assault with intent to rob, would be utterly insufficient to sustain the offense of robbery by putting the lives of the custodians in jeopardy, and the trial court had plenary jurisdiction to sentence the petitioner to imprisonment for twenty-five years for the offense charged in the second count of the indictment."

In Schultz v. Zerbst, 10 Cir., 73 F.2d 668, the same defendant filed a petition for a writ of habeas corpus to test the validity of sentences which had been imposed on another indictment (No. 2804) and which were to run consecutively to sentences imposed on the indictment (No. 2805) passed on in Schultz v. Biddle. The court held that Counts 1 and 2 of indictment No. 2805 stated separate offenses for which separate penalties might be inflicted, and since petitioner was still lawfully confined under Count 2 of that indictment, he could not test the validity of sentences imposed under indictment No. 2804.

In Schwartz v. United States, 9 Cir., 160 F.2d 718, Count 1 of the indictment charged assault with intent to rob a mail custodian, and Count 2 charged that defendant put the custodian's life in jeopardy. The court held that Count 1 merged with Count 2.

In Hunter v. United States, 6 Cir., 149 F.2d 710, 711, the same two counts were involved. The court said: "The statute involved contemplates but one sentence for the offense committed thereunder, the severity of the sentence depending upon the manner of the perpetration of the crime. Costner v. United States, 4 Cir., 139 F.2d 429."

In Colson v. Johnston, D.C.Cal., 35 F.Supp. 317, defendant was charged with a mail robbery in which several registered and ordinary mail pouches were taken and the lives of postal employees were put in jeopardy by the use of dangerous weapons.

The indictment contained eleven counts. The first count charged that defendant assaulted postal employees with intent to rob them of mail. The second charged that defendant robbed the postal employees of a certain mail pouch containing mail, and that in the course of the robbery, the lives of the postal employees were placed in jeopardy by the use of dangerous weapons. The remaining nine counts were identical with the second, except that in each count reference was made to a different mail pouch. All the mail pouches were stolen at the same time. Defendant was convicted on all eleven counts, and sentenced as follows: Second Count, 25 years; first count, 10 years, to begin at the termination of the sentence on the second count; remaining nine counts, 25 years upon each count, to be served concurrently, and to commence at the termination of the sentence on the second count. At the expiration of the 25 year sentence imposed on the second count, defendant filed a petition for a writ of habeas corpus on the ground that all of the unfulfilled sentences were void. In granting the writ, the court said, 35 F.Supp. at page 318:

"It is the conclusion of this court that the sentences imposed on petitioner under these remaining counts are, and each of them is, invalid as being in excess of the power of the sentencing court; that such court, after having imposed a sentence of twenty-five years on the second count, reached the limit of its jurisdiction so far as its power to sentence petitioner for the offenses set forth in the indictment was concerned. This conclusion is based in turn on the determination of this court that although it contained eleven separate counts, the indictment against petitioner in fact stated but one offense carrying a maximum penalty of twenty-five years, namely robbery of mail matter from persons having custody thereof in the course of which the lives of such persons were placed in jeopardy by the use of dangerous weapons. And petitioner, having served the maximum sentence, is entitled to release from further custody." The case has been cited with approval by the Court of Appeals for the Ninth Circuit.

In Costner v. United States, 4 Cir., 139 F.2d 429, the first count charged an assault upon mail custodians, and the second that the mail custodians' lives were put in jeopardy. Defendant was sentenced to 5 years on the assault count and 25 years on the second count. On motion to vacate the five year sentence, the court held the five year sentence invalid, and ordered it stricken from the judgment. After going into the legislative history of section 197, the court came to the conclusion that Congress did not intend to impose two penalties in this situation.

 It is apparent from these citations that the various circuits are not in agreement. However, whatever the correct rule may be, to hold that the offenses in Counts 4 and 5 merged in those named in Counts 6 and 7 would avail defendant nothing because the 5-year sentences on Counts 4 and 5 were made to run concurrently with the sentences on Counts 6 and 7.

The important question, then, is whether separate consecutive sentences were properly imposed on Counts 6 and 7. We must remember that the only difference between Counts 6 and 7 is that the life of a different postal employee was put in jeopardy (Actually, one postal employee was wounded and the other's life was placed in jeopardy, but the statute imposes the same penalty for wounding or placing in jeopardy).

Defendant insists that, in such a situation, the statute contemplates only one 25-year sentence, irrespective of whether the life of one or several postal employees is put in jeopardy; that if the Congress had intended to create a separate offense for each postal employee who happened to be present at the time of the attempted robbery, it would have done so in clear and explicit language. However, careful examination of the cases relied upon reveals that none of them passed on a question identical to the one presented here. For example in the Colson case, defendant was charged with imperiling the lives of several employees while stealing a mail bag. Subsequent counts charged him with imperiling the lives of the same employees while stealing a different mail bag. The

court held that those counts all charged the same offense. The breakdown into separate counts in that case was as to mail bags, while in our case the breakdown into separate counts was as to postal employees. Weak as it might seem, this seems to me to be a distinguishing difference.

In this connection, it would seem that the Court of Appeals from this circuit has already decided the issue adversely to defendant. We must remember that after the Court of Appeals affirmed his conviction, he filed a motion there, labelled a "Petition for rehearing or for leave to proceed on motion in the trial court for resentence," in which he alleged that only one offense was charged in the seven counts of the indictment, and that the evidence was insufficient to support his conviction on Counts 1, 2, and 3. In his present petition, he quotes a part of the per curiam opinion of the Court of Appeals, as follows: "It might appear that this contemplates offenses arising out of one robbery, so that two assaults on the same robbery or attempted robbery would sustain only one count of assault. However, Section 312 relating to injuring mail bags has been construed to sustain separate counts, separately punishable, for each mail bag injured during the course of one robbery. Ebling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151. This ruling seems equally applicable to Section 320. Hence, no error appears in the consecutive sentences of twenty-five years under counts six and seven." Certiorari was denied in Waldon v. United States, 324 U.S. 847, 65 S.Ct. 683, 89 L.Ed. 1408, rehearing denied 324 U.S. 889, 65 S.Ct. 910, 89 L.Ed. 1437.

In Ebling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, relied upon by the Court of Appeals, defendant was indicted under Section 189 of the Criminal Code, 18 U.S.C.A. § 312 [now § 1706], which provides for the punishment of anyone who "shall tear, cut, or otherwise injure any mail bag, * * * with intent to rob or steal any such mail * * *." The indictment was in several counts, with each count charging the cutting of a different mail bag. Defendant was given a separate consecutive sentence on each

count. In an application for a writ of habeas corpus, the question was whether one who, in the same transaction, tears or cuts successively mail bags, with intent to rob or steal mail matter, is guilty of a single offense, or of additional offenses because of each successive cutting. The Supreme Court was of the opinion that Congress intended to protect each and every mail bag, and that although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut. Thus, the Court of Appeals for the Seventh Circuit apparently reasoned that if cutting several mail bags constituted several offenses, then the putting of several lives in jeopardy while attempting to rob the mail would also constitute several offenses. It seems equally as logical to hold that Congress intended to protect each and every custodian. But the Court of Appeals for the Fourth and Ninth Circuits would probably hold contra. See Kerr v. Squier, supra, and Costner v. United States, supra. Thus in Dimenza v. Johnston, 9 Cir., 130 F.2d 465, defendant was indicted under a section of the bank robbery statute. Sec. 588b, Title 12 U.S.C.A. [now 18 U.S.C.A. § 2113]. Sec. 588b(a) provides a punishment for robbery of a bank by force and violence, and Sec. 588(b) provides a more severe punishment if the life of any person is put in jeopardy by use of dangerous weapon. The first count charged a violation of Sec. 588b(a) and the next three counts charged violations of Sec. 588b (b), the only difference in the last three counts being that a different person's life was alleged to have been put in jeopardy. The court held that all four counts stated only one offense. Other courts have so construed this section. McDonald v. Moinet, 6 Cir., 139 F.2d 939; Vautrot v. United States, 8 Cir., 144 F.2d 740, 741.

■ In his averment that a sentence imposing both imprisonment and fine, where the statute authorized imprisonment only, was void, defendant relies on such cases as Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872, and In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed.

500. But those were cases in which the statute authorized fine or imprisonment, and the court imposed fine and imprisonment. The court held that where one of the alternative penalties had been satisfied, the defendant was entitled to release. In this case, the statute did not provide for alternative penalties, but provided for imprisonment only. The general rule is that a sentence is legal so far as it is within the provisions of law and jurisdiction of the court, and only void as to the excess, when such excess is separable and may be dealt with, without disturbing the valid portion of the sentence. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631. In Fowler v. Hunter, 10 Cir., 167 F.2d 548, the court held that the fact that part of a sentence which imposed a fine was void, inasmuch as a fine was not authorized by statute, did not entitle petitioner to discharge on habeas corpus before he had served the valid sentence of imprisonment, but that he might make application to the sentencing court for correction of the sentence. Nor do I believe the partial payment of a void fine entitles defendant to discharge from the valid part of his sentence.

■ Defendant further insists that this court was without authority to amend the sentences by striking the fines in his absence and without notice to him. He relies on the general rule that a defendant is entitled to be present at all stages of a criminal proceeding, including the imposition of sentence, or for resentencing. Price v. Zerbst, D.C., 268 F. 72. But the rule is not applicable here. There is no requirement that a defendant be present when the court merely strikes a void part of the judgment. Garrison v. Reeves, 8 Cir., 116 F.2d 978, 979; Title 28 U.S.C.A. § 2255.

■ Defendant contends that it is not clear whether the sentences were to run consecutively or concurrently because the expression "consecutively with each other" was used instead of the more commonly used expression "consecutive to." This contention is wholly without merit, as the judgment is clear as to which sen-

456

tences were to be concurrent and which were to be consecutive.

In view of the uncertainty prevailing in the various circuits and the variant decisions in those circuits, it seems to me that I, as a trial judge in the exercise of my discretion in the modification of sentences, in pursuance of Sec. 2255, U.S.C.A., Title 28, should adopt that construction which is most favorable to defendant. Undoubtedly under the law in this circuit I would be justified in denying the motion entirely but, on the contrary, other circuits in a habeas corpus proceeding, if they follow the decisions I have cited, might come to a different conclusion and release defendant. I have concluded, therefore, that the situation calls for affirmative action on my part that will terminate further litigation and settle once and for all the defendant's contentions. He has had an appeal and an affirmance from his conviction and the Supreme Court has denied certiorari. He has filed a petition for rehearing. The Court of Appeals in deciding that motion has ruled that he was properly sentenced. Again the Supreme Court denied certiorari. 324 U.S. 847, 65 S.Ct. 683, 89 L.Ed. 1408. But there remains a possibility, as I have said, that in a habeas corpus proceedings some other circuit might release him. I have previously eliminated the fines which I improperly assessed due to an inadvertence in believing that the statute justified fines.

Accordingly it is ordered by the court that the sentence upon Counts 1, 2, 3, 4, and 5 will stand as originally entered; that the sentences upon Counts 6 and 7 be fixed as they are now at 25 years each without fines and that the sentences upon Counts 6 and 7 shall run concurrently with each other and concurrently with the sentences imposed on Counts 1, 2, 3, 4, and 5, so that the total sentence of defendant will be 25 years in all.

The Clerk will enter judgment accordingly. In all other respects the motion is denied.

The foregoing is adopted as my findings of fact and conclusions of law.