RICARDO ESTREMERA MERCADO, Petitioner, *v.* JAMES M. JONES, WARDEN OF THE INSULAR PENITENTIARY, Respondent.

No. 460. Argued November 6, 1952.—Decided December 12, 1952.

*Ricardo Estremera Mercado, pro se. Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for respondent.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On December 23, 1946 petitioner Ricardo Estremera Mercado, after pleading guilty of the crime of false representation, was sentenced to serve from one to eight years' imprisonment in the penitentiary, by virtue of a judgment rendered by the former District Court of San Juan. On March 28, 1950 the same court rendered two judgments in two offenses of forgery, sentencing petitioner to serve from two to eight years' imprisonment in each of the two cases, to run concurrently with the penalty imposed on him on December 23, 1946. When defendant committed the offenses for which he was sentenced on March 28, 1950 he was on parole under the first sentence. On February 27, 1951 the District Court of San Juan, *motu proprio*, brought petitioner before court, assisted by an attorney, and in open court modified the sen-

tences of March 28, 1950 ordering that the same be served concurrently with each other after the accused had served the term of from two to eight years' imprisonment in the penitentiary, which was imposed on him on December 23, 1946. The lower court modified the sentences in the light of its interpretation of subdivision (e) of § 3 of Act No. 108 (Sess. Laws, p. 304), approved on May 12, 1943. Said Section provides, in part, the following:

"Section 3.—The prison terms that must be imposed in the following cases shall not be served concurrently:

". . . . . . . . . .

"(d) When the criminal committed a crime while imprisoned in a penal institution or serving any sentence;

"(e) When he commits a crime while he is on parole or under conditional pardon or under any measure of conditional freedom where he is considered to be serving a sentence imposed by a court."

On the following day, that is, on February 28, 1951 the same trial court reconsidered again the judgments rendered on March 28, 1950 vacating them as to the penalty of from two to eight years' imprisonment and modifying them so as to impose on the petitioner the penalty of from one to three years' imprisonment in the penitentiary in each one of the two cases. As we have seen, on the preceding day the modification was limited to the pronouncement that both sentences be served concurrently, but not with the first sentence of December 23, 1946 since the subsequent sentences were to run concurrently after the expiration of the penalty imposed by the judgment of December 23, 1946. Under the judgment of February 27, 1951 the term of imprisonment of from two to eight years in each case remained in force, as it was determined by the judgments of March 28, 1950. Nevertheless, on February 28, 1951 when the sentences were modified, the penalties were reduced in each case to two terms of from one to three years' imprisonment in the penitentiary. Defendant was not present on February 28, 1951 when the

sentence was modified but the attorney who represented him waived defendant's right to be present in court.

Petitioner has appealed to this Court with a petition for mandamus praying for the annulment of the modifying sentences of February 27 and February 28, 1951 and that respondent, the warden of the Insular Penitentiary, be ordered to compute the term to be served according to the judgments rendered on March 28, 1950 and not as provided by judgments of February 27 and February 28, 1951.

■■ As it appears from the above facts the trial court made, on February 27 and February 28, 1951 two modifications to its judgments of March 28, 1950 one in the presence of defendant and his attorney, eliminating the concurrent nature of the execution of both sentences as to that of December 23, 1946 and providing that the two sentences of March 28, 1950 although running concurrently would be served only after the expiration of the sentence of December 23, 1946 and not concurrently with this latter sentence, and again modified them on the following day and in the absence of the defendant, reducing the penalty as to the two sentences of March 28, 1950 of from two to eight years to a penalty of from one to three years in each case. As to this last modification there is no doubt that a sentence in felony cases can not be validly imposed in the absence of defendant. Section 311, Code of Criminal Procedure; *Price* v. *Zerbst*, 268 Fed. 72; *Lewis* v. *United States*, 146 U. S. 370; *Frank* v. *Mangum*, 237 U. S. 309, 341; *Siegel* v. *State*, 229 N. W. 44; *People* v. *Fields*, (Cal.) 198 P. 2d 104; 15 Am. Jur. 113, § 455; *Cf. Ex parte Colón*, 29 P.R.R. 108; *People* v. *Ortiz*, 57 P.R.R. 457; *People* v. *Meléndez*, 47 P.R.R. 799; *People* v. *Texidor*, 52 P.R.R. 659. See also the annotation in 6 A.L.R. 997 and, by analogy, the case of *Ruiz* v. *Rivera*, *Warden*, 71 P.R.R. 499, as to the necessity that an accused be assisted by counsel in the pronouncement of sentence. Nevertheless, defendant's presence before Court should not be required when a judgment is modified in his favor by

reducing the penalty, since this does not prejudice his rights. *Cf. Cross* v. *North Carolina*, 132 U. S. 131, 140; *Waldon* v. *United States*, 84 F. Supp. 449; *Garrison* v. *Reeves*, 116 F. 2d 978. The petitioner was present when the sentences were modified in a prejudicial and onerous way for him, by substituting the concurrent nature of the penalty of the sentences of March 28, 1950 in relation to the execution of the sentence of December 23, 1946 by a consecutive serving in connection with this latter sentence. What was done in the absence of defendant was merely the reduction of the penalty. Hence, independently of defendant's absence as to proceedings followed on February 28, 1951 the controversy involved in this case should be limited to determining whether the modification of the sentences of March 28, 1950 is valid.

 A modification of sentence which implies an increase in the punishment or penalty imposed on the accused lacks validity especially when he has begun to serve the original sentence. *Ex parte Lange*, 85 U. S. 163; *United States* v. *Benz*, 282 U. S. 304, 307; *Roberts* v. *United States*, 320 U. S. 264, 266; *Wilson* v. *Bell*, 137 F. 2d 716; 15 Am. Jur. 128, 130; 168 A.L.R. 712 and cases cited therein; 24 C.J.S. 118, 119. If in two sentences it has been determined that both shall run concurrently, a subsequent modification of these sentences to the effect that they shall be served consecutively lacks validity since it involves an increase in the punishment or in the penalty. *People ex rel Gerbino* v. *Ashworth*, 267 App. Div. 579, and see also cases cited in 168 A.L.R. 712, 716. Nevertheless, if the original sentences, or the penalties imposed by them, are null and void they can be later modified even if they increase the punishment or penalty. 168 A.L.R. 719; 24 C.J.S. 120, 121; *King* v. *United States*, 98 F. 2d 291; 15 Am. Jur. 132. An invalid judicial action should not entail legal consequences and public policy should permit legal remedy of a sentence which is contrary to law. The right of a defendant not to be twice put in jeopardy for

the same offense, should be protected as far as possible, but an accused should not be benefited by a judicial finding which is contrary to law. In *Bozza* v. *United States*, 330 U. S. 160, 166, 167, defendant had been convicted of a crime carrying a mandatory minimum sentence of fine and imprisonment. Defendant was sentenced to imprisonment only and placed in temporary detention awaiting transportation to a penitentiary. Five hours later, the judge recalled him when he realized that he had acted contrary to law, and sentenced him to fine and imprisonment. It was held, that this modification of the sentence did not constitute double jeopardy contrary to the Constitution. The Supreme Court of the United States, in the opinion delivered by Judge Black, stated the following:

". . . If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all . . . This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence' . . . The Constitution does not require that sentencing should be a game in which a wrong move by the Judge means immunity for the prisoner. . . . In this case the court 'only set aside what it had no authority to do and substitute directions required by the law to be done upon the conviction of the offender'. . . It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense."

If a sentence is partially null or void, that part which does not comply with a provision of law may be modified afterwards. The illegal portion of the sentence should be considered as surplusage and it should be disregarded, and corrected to conform to statute, since the controlling legal provisions at the time the judgment was rendered should be considered a part of the sentence, under the power of the court to modify the sentence to conform to the law. 24 C.J.S. 111, 116; *In re Clark*, 163 P. 2d 577, 581, 582; *Wilson* v.

*Bell, supra; Gosset* v. *Smith,* 208 P. 2d 870; *Iron Bear* v. *Jones,* 32 N. W. 2d 125; *State* v. *Feeney,* 226 S. W. 2d 688.

By analogy, in *People* v. *Holman,* 164 P. 2d 297, the trial court acted illegally in imposing sentences to be served consecutively, when the California Penal Code required that in the situation involved in that case the sentences be pronounced concurrently. It was held that that portion of the sentence which provided that those sentences were to be served concurrently should be considered as surplusage and could be corrected by resentencing defendant.

In the case at bar that portion of the sentences rendered on March 28, 1950 which provided that they were to be served concurrently with the one rendered on December 23, 1946 was absolutely null and contrary to § 3 of Act No. 108 of May 12, 1943 *supra,* since the petitioner was on parole at the time he perpetrated the crimes for which he was convicted on March 28, 1951 and hence, the two sentences could not be served concurrently with the terms of imprisonment which he was serving under the first judgment of December 23, 1946. The law required petitioner to serve the two sentences of March 1950 after the first term of imprisonment had expired, that is, consecutively to the sentence of December 1946. The trial court was empowered to modify those two sentences to conform to the provisions of the law and it did so in this case. Naturally, the lower court also had the power to order that both sentences of March 1950 be served concurrently with each other but not concurrently with the sentence of December 1946.

The court *a quo* acted within its legal powers in reducing the terms of imprisonment involved in the two sentences of March 1950. In general terms, there is a conflict in the jurisprudence as to the power of a court to modify its sentence which results in a reduction of the penalty involved. The Supreme Court of the United States and the Federal Court permit and recognize such proceeding. *United States* v. *Benz, supra;* 168 A.L.R. 714. But the great majority of

state authorities, including California, maintain the rule that a valid sentence can not be modified even by reducing the penalty. 168 A.L.R. 707. In California this rule has been applied to a point of prohibiting a change in the nature of the concurrent or consecutive execution of the sentences. *In re Johannes*, 213 Cal. 125; *Albori v. Sykes*, 65 P. 2d 84; *Ex parte Pedrini*, 206 P. 2d 699, 702. Nevertheless, even the rule adopted by the majority of the state jurisdictions is applicable only to a case in which a valid sentence has been pronounced. If the sentence is null or void, totally or partially, the court may modify it by reducing the penalty. 168 A.L.R. 719 *et seq.*, where cases from California establishing this exception are also cited. As we have seen, in the case at bar the two sentences of March 28, 1950 were contrary to law and hence, the terms of imprisonment could be modified. As a matter of fact, there is no doubt that when the sentences were rendered on March 1950 the court established a fixed term of imprisonment based on its decision to the effect that the two sentences be served concurrently with the sentence rendered on December 1946. The trial court being compelled by law to modify its sentence as to the concurrent or consecutive nature of its execution it was fair and reasonable that said court should also readjust the terms of imprisonment in conformity with the new situation arisen.

In the case of *People v. Carbone*, 59 P.R.R. 608, 617, this Court stated the following:

"From the foregoing considerations, it seems to us that we should confirm the doctrine that trial courts are empowered to reconsider their judgments, prior to their execution, either on motion of a party or *motu proprio*, and to conform the same to the statute, either in order to correct any mistake incurred when imposing them or in order to conform them to any state of facts duly proved by either side.

"We think, however, that such power can not be exercised arbitrarily and without justification. The presumption is that where a court enters a judgment, it does so taking into account all the attendant proven facts. To increase the punishment im-

posed merely because the defendant moves for a reconsideration of the judgment, even where the original sentence imposed was light, as happened in the case at bar, and without anything appearing from the record to show that the court had before it further evidence, does not constitute a reasonable exercise of the discretionary power vested in lower courts."

Incidentally see *Arroyo* v. *People*, 41 P.R.R. 727.

The power to modify a sentence was not arbitrarily exercised in this case, since as we have previously stated there was a justifiable reason for that modification.

The petition for mandamus will be denied.