**UNITED STATES v. WALDON.**

**No. 7242.**

Circuit Court of Appeals, Seventh Circuit.
Oct. 21, 1940.

Julius Reznik, of Chicago, Ill., for appellant.

Wm. J. Campbell, U. S. Atty., of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

The appellant was charged by grand jury indictment with certain offenses against the postal service. 18 U.S.C.A. §§ 317 and 320. The charges grew out of an alleged attempt of the defendant and two confederates to rob a United States mail car on the railroad operated by the Illinois Central Railway Company.

The indictment was in seven paragraphs. The first three counts charged the defendant with destroying certain mail matter; counts four and five respectively, charged separate assaults upon two custodians of the mail, with intent to steal it; count six charged defendant with wounding one custodian; and count seven charged him with jeopardizing the other custodian's life by the use of a revolver. The appellant pleaded not guilty, and he was tried by a jury. He was found guilty on all the charges, and judgment was rendered upon the verdict. He was sentenced to serve five years, consecutively, on each of the first five counts; twenty-five years, consecutively, on counts six and seven; and a fine of $10,000 was imposed on each of counts six and seven. The time on counts six and seven was to run concurrently with the sentences on the first five counts. From that judgment this appeal is prosecuted.

All of the material allegations of each count of the indictment were abundantly supported by substantial evidence, and the only alleged error arises out of the admission of certain evidence elicited by the District Attorney on the cross-examination of the appellant.

The indictment charged appellant with previously having used eight aliases, and the cross-examination upon which the alleged error is based, is as follows:

"The Witness: I was born in Chicago.

"Mr. Roe: Q. What other names do you go by?

"Mr. Reznik: To which the defendant objects.

"The Court: He may answer.

"(Witness continuing.) I use the name John Rankin in selling cars. I also use the name of Williams and James Baker and John Beckovitz, and also Kelley.

"Mr. Reznik: Defendant moves that the evidence be stricken.

"The Court: His testimony as to using the different names may stand.

"(Witness continuing.) I use those names selling cars in California. I began using the name of John Beckovitz in California.

"Mr. Roe: When you were in Illinois, you used that same name?

"A. That may be possible.

"Mr. Roe: Q. You used that name (Beckovitz) when you served a sentence at the State Farm of Vandalia?

"Mr. Reznik: To which the defendant objects.

"The Court: He may answer.

"Q. Did you serve a term at the Illinois State Farm?

"A. Yes, sir.

"Mr. Reznik: To which the defendant objects.

"The Court: His answer may stand.

"Mr. Reznik: To which ruling of the Court defendant excepts, and I now move the Court to remove a juror in this cause.

"The Court: The motion is denied. You may proceed.

"Mr. Reznik: May I state the grounds for such motion?

"The Court: It is always proper in the Federal Court to show, on cross-examination, if a man has been convicted of a crime. You brought that out in your cross-examination of the witness Tracy.

"Mr. Roe: Q. How many times have you been arrested?

"Mr. Reznik: To which the defendant herein objects.

"The Court: The objection is sustained.

"Mr. Roe: Q. What year was it that you were in the Illinois State Farm?

"Mr. Reznik: To which the defendant herein objects for the reasons heretofore stated.

"The Court: He may answer.

"The Witness: A. 1936."

When a party or his attorney desires to object to a question, it is elemental that he should state to the court his reasons or his grounds for that objection. It will be noted in this case that appellant's counsel nowhere in this cross-examination assigns any reasons for any objection, nor does he make any motion to strike the objectionable answer. The only motion he makes is for the court to remove a juror in the cause, and no grounds or reasons were given to the court in support of that motion. After it was denied and counsel was ordered to proceed, he asked the court for permission to state the grounds of his motion to remove the juror, and of course the court very properly did not grant it.

It is apparent, however, from the context, that the court, in refusing the motion, considered that it was based upon the theory that it could not be shown on cross-examination that a defendant had been previously convicted of a crime, for in refusing the motion he stated that the rule was otherwise in the federal court. It is difficult, however, to determine the precise reasons for appellant's objections. It should be noted that in the beginning of the cross-examination they were directed to the proof of the aliases, and as the cross-examination proceeds it is not possible to tell with certainty whether his objections are based upon the admission of the aliases, or upon the introduction of the former conviction. Of course, there was no error in admitting his confession of the aliases, and as the court construed the objection to be based upon the evidence of the former conviction, and appellant has assigned that as the only basis for his appeal, we shall so consider it, regardless of the improper forms of the objections and motions.

When a defendant in a criminal action takes the stand, he takes with him his character and reputation. He is supported by more than his own testimony, for the law presumes that his reputation is good with respect to all elements involved in the crime with which he is charged. For this reason it has always been considered proper in cross-examination to interrogate him as to all collateral matters which would clearly tend to disprove the legal presumption with which he is clothed. Such interrogation is admitted merely to test his credibility as a witness and can only be considered by the jury for that purpose. This is illustrative of the correctness of the court's ruling with respect to admitting the aliases. For instance, when he came upon the witness stand clothed with the legal presumption of credibility, the jury in effect was told that he was credible as a witness. This presumption being rebuttable, it is quite permissible for opposing counsel to ask him if he had not previously misrepresented the truth as to his real name. He admitted it, but he attempted to give the impression to the jury that he used those aliases only in California. This was not the truth, as indicated by his answers to the questions following when he admitted that it was possibly true that he had used one of the names in Illinois, and then that he had used one of the aliases when he was in the penal farm in Illinois. Now this testimony was not to be considered by the jury as proof that he had committed the instant crime, but it was only to be considered by them in determining whether he was a credible witness in the present case, for if he told untruths about one thing the jury had a right to infer he might not tell the truth about any other thing. We infer that the court properly instructed the jury on this phase of the case and all other phases, because the instructions are not in the record and no question is raised as to them.

It is urged by appellant that his credibility could not be impeached by his confession or proof of other crimes unless those crimes were felonies, and that inasmuch as felonies are not punishable by imprisonment in a penal farm, and there was no other evidence to prove that he had been convicted of a felony, it was therefore error for the court to admit his service of the penal farm sentence. This seems to be the law in Illinois (see Bartholomew v. People, 104 Ill. 601, 44 Am.Rep. 97), and some other jurisdictions, including a few federal courts. Other jurisdictions have held otherwise. See Annotation, 6

A.L.R. 1643. This question does not appear to have been passed upon in this circuit. It seems to us fair to hold that the conviction inquired about must reasonably tend to prove a lack of character with respect to his credibility as a witness. If the former conviction shows such lack of character, we see no reason why it should not be admitted for what it is worth to counteract the presumption of credibility with which the law clothes him. That we are not bound by the decisions of the state courts in this respect cannot well be questioned. United States v. Reid, 12 How. 361, 53 U.S. 361, 13 L.Ed. 1023.

However, regardless of whether the evidence was rightly or wrongly admitted, it did not in any way harm the defendant. A reading of this record unquestionably revealed a dastardly mail robbery, and it was supported by an abundance of evidence. By statute, 28 U.S.C.A. § 391, we are directed to render judgment after examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the party. This statute has particular force when the evidence of the guilt of a defendant is clear and convincing, as it was in this case. We are not permitted to reverse a judgment unless errors have been committed which substantially prejudiced the defendant. A more reasonable rule is that if, upon examination of the entire record, substantial prejudice does not appear, the error, if any, must be regarded as harmless. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314.

Judgment affirmed.