John F. **WALDON**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 15241.

United States Court of Appeals Seventh Circuit.

June 7, 1966.

David L. Hanson, Chicago, Ill., for appellant.

Carl W. Feickert, U. S. Atty., Raymond Francis Rose, Asst. U. S. Atty., Danville, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Petitioner (appellant) was convicted and sentenced in the United States District Court for the Eastern District of Illinois on February 5, 1940, on a seven-count indictment predicated upon an attempt to rob a United States railway mail car. On June 3, 1965, petitioner filed in the sentencing court a motion under Title 28 U.S.C.A. § 2255, to vacate and set aside said judgment. On the same date an order was entered by Judge Casper Platt, denying the relief sought, with the statement, "After a careful examination of the motion this court finds that the matters set forth in said motion were heretofore passed upon by the sentencing court and that this motion should be denied without a full hearing." From this order petitioner (hereinafter referred to as defendant) appeals.

During the 25-year period between the time defendant was sentenced and the present, he has with great regularity but without success sought in this and numerous other courts to void the judgment by which he is detained. While this appeal no doubt could be disposed of summarily, we think we should not do so in view of the resourceful brief submitted by Mr. David L. Hanson, a Chicago attorney appointed by this court to represent defendant.

Defendant proceeded in the District Court pro se, and in his petition made numerous charges which are totally irrelevant to a proceeding under Sec. 2255. Counsel here apparently so recognizes and has done much to bring order to a situation which was otherwise chaotic.

Counsel poses two issues for decision: (1) "Was the constitutional right of the Petitioner to trial by an impartial jury infringed by the use at his trial, over his objections, of petit jurors tendered from a panel drawn from a jury list from which the names of women had been systematically excluded, contrary to state and federal district requirements at the time of the trial?" and (2) "Did the United States District Court for the Eastern District of Illinois err when it imposed three consecutive sentences on counts charging Petitioner with simultaneous violation of Sec. 317, Title 18, U.S.C. (1940 Ed.) and when it imposed both of the alternative penalties authorized for violation of Sec. 320, Title 18, U.S.C. (1940 Ed.)?"

From the original judgment of conviction defendant appealed to this court. Both issues just stated were raised on that appeal but abandoned here, where defendant relied solely upon the contention that the trial court erred in the admission of prejudicial testimony. This court, in an opinion rendered October 21, 1940, affirmed the judgment. United States v. Waldon, 7 Cir., 114 F.2d 982. Defendant sought certiorari, which was denied. 312 U.S. 681, 61 S.Ct. 549, 85 L.Ed. 1119.

On September 5, 1944, defendant filed in this court what was termed "Petition

for rehearing or for leave to proceed on motion in the trial court for resentence." In that petition it was alleged that only one offense was charged in the seven counts of the indictment. The contention was denied in a Per Curiam opinion (not reported), and again certiorari was denied by the Supreme Court. 324 U.S. 847, 65 S.Ct. 683, 89 L.Ed. 1408.

In 1949, petitioner was again in the sentencing court, with a motion under Sec. 2255 to vacate the judgment. Judge Walter C. Lindley, then a District Judge, in a lengthy opinion (Waldon v. United States, 7 Cir., 84 F.Supp. 449) discussed in detail and disposed of the contentions there advanced, as well as those here, adversely to defendant. It would seem that this decision would have definitely laid the issues to rest. Defendant, however, attempts to escape the finality of this decision with the allegation that the prison officials of Alcatraz where he was then confined neglected or refused to deliver to him a copy of the opinion until it was too late to appeal. In the brief now before us, counsel states, "Because Petitioner was denied the opportunity to appeal to this Court in 1949, the instant appeal is in reality from both the 1949 and the 1965 denials of his motions under Title 28, U.S.C. Sec. 2255."

Assuming that we have any jurisdiction or power to review a judgment more than 25 years old, which we doubt (Lipscomb v. United States, 8 Cir., 308 F.2d 420, 421), it will serve our present purpose to say that we have read and approve of the result reached by Judge Lindley.

Judge Lindley, after reviewing the previous proceedings in this court, cited and discussed opinions from other Circuits which apparently had reached a different result on the sentencing issue. In doing so he stated (84 F.Supp. page 456):

"Undoubtedly under the law in this circuit I would be justified in denying the motion entirely but, on the contrary, other circuits in a habeas corpus proceeding, if they follow the decisions I have cited, might come to a different conclusion and release defendant. I have concluded, therefore, that the situation calls for affirmative action on my part that will terminate further litigation and settle once and for all the defendant's contentions. He has had an appeal and an affirmance from his conviction and the Supreme Court has denied certiorari. He has filed a petition for rehearing. The Court of Appeals in deciding that motion has ruled that he was properly sentenced. Again the Supreme Court denied certiorari. 324 U.S. 847, 65 S.Ct. 683, 89 L.Ed. 1408. But there remains a possibility, as I have said, that in a habeas corpus proceedings some other circuit might release him."

Judge Lindley thereupon corrected the sentence "so that the total sentence of defendant will be 25 years in all," and directed the Clerk to enter judgment accordingly, which presumably was done. Both Counts 6 and 7 of the indictment charged offenses with a maximum penalty of 25 years. In a proceeding initiated by defendant, the court corrected the original sentence, with its possibility of 50 years' service, and made it 25 years. It is not discernible how defendant was aggrieved by the court's action, which was more favorable to him than he was entitled under the previous decisions of this court.

We also agree with Judge Lindley's reasoning (page 451) on defendant's contention that there was a violation of his rights because he was tried by a jury drawn from a panel from which the names of women had been systematically excluded. We might add that the constitutionality of the Act providing for women jurors was not sustained by the Illinois Supreme Court until August 8, 1939. People ex rel. Denny v. Traeger, 372 Ill. 11, 22 N.E.2d 679. Defendant's allegation that the exclusion was intentional and systematic is a mere conclusion, unsupported by the record. Certainly the authorities charged with the responsibility of selecting jurors were entitled to a reasonable time to adjust their procedure so as to conform to the changed law. The record discloses that this they

did. In addition to all this, the women juror issue, as previously noted, was raised but abandoned in this court on his original appeal.

Moreover, defendant while an inmate of Alcatraz twice sought relief in the District Courts of California, which was denied and affirmed on appeal. Waldon v. Swope, 9 Cir., 184 F.2d 185, and Waldon v. Swope, 9 Cir., 193 F.2d 389. The women juror issue was raised in the latter case. After noting defendant's concession that while he had raised the issue in the trial court he did not press it on appeal from his conviction, the court stated, "Waldon therefore must be held to have waived his objection." The court further held that Ballard et al. v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, was not controlling.

In conclusion, in an attempt to avoid any misunderstanding, we reiterate our agreement with Judge Lindley's correction of defendant's sentence as shown, which means that defendant had 25 years to serve from February 5, 1940, the date of his original conviction and sentence. It does not follow, however, that because more than 25 years have elapsed since the date of his sentence he is entitled to discharge.

Defendant alleges in his petition on December 28, 1954, he was conditionally released on parole for a period of 3,690 days; that on August 14, 1957, he was apprehended by Illinois authorities and on December 9, 1957, was sentenced to 3 to 15 years in the Illinois State Prison. He alleges further that on November 24, 1961, he was released from Illinois custody, returned to Leavenworth Federal Penitentiary, his conditional release was revoked and he was ordered to recommence service of the remaining 3,690 days of his sentence of imprisonment, thereby losing credit for the entire time spent outside the Federal prison.

The date defendant is entitled to his release from custody is not for us to determine for two reasons, (1) any issue in this respect has been waived by defendant's court-appointed and able counsel, and (2) it has been held that a court is without power under Sec. 2255 to review actions of the United States Board of Parole. United States v. Hock, 3 Cir., 275 F.2d 726, 727.

We think it not open to doubt but that the files, records and previous proceedings furnished ample support for the denial by Judge Platt, without a hearing, of defendant's motion for relief.

The order appealed from is
Affirmed.